IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES WELDON,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 25-58 |

# OPINION

**Slomsky, J.** **August 21, 2026**

## I. INTRODUCTION

Before the Court is the Government's Motion in Limine to Preclude Cross-Examination as to Facts of Pending Investigation Pursuant to Federal Rules of Evidence 403, 608(b), and 611. (Doc. No. 30.) In the Motion, the Government seeks to preclude cross-examination about internal investigations conducted by the Internal Affairs Division ("IAD") of the Philadelphia Police Department into Philadelphia Police Department Officers John Smart, Mark Minissale, Patrick Fitzgibbon, and Dameen Holbrook (the "Officers"), who are potential Government witnesses in this case. Defendant James Weldon ("Defendant") has not filed a written Response in Opposition to the Motion, but has voiced opposition to the Motion on the ground that the information may affect the credibility of these witnesses and should be turned over to Defendant. For the reasons stated below, the Government's Motion (Doc. No. 30) will be granted.

## II. BACKGROUND

On February 19, 2025, a grand jury returned an Indictment charging in three counts: (1) possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count I); (2) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count II); and (3) possession of a firearm in furtherance of a drug trafficking crime,

in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III). (Doc. No. 1.) At their core, the charges brought against Defendant are based on the testimony of the Officers, who conducted searches of Defendant's person that produced narcotics, cash, and a firearm.

On April 30, 2026, Defendant filed a Motion to Suppress All Physical Evidence Recovered Pursuant to the Search and Seizure of Defendant. (Doc. No. 21.) On July 7, 2026, the Court held a hearing on Defendant's Motion to Suppress. The hearing on the Motion to Suppress was scheduled to include testimony from the Officers.

On the morning of the hearing, the Government filed the instant Motion to Preclude Cross-Examination (Doc. No. 30), which involves internal investigations of the Officers by the Internal Affairs Division ("IAD") of the Philadelphia Police Department. At the hearing on the Motion to Suppress, counsel for Defendant requested a continuance of the hearing to respond to the Government's Motion to Preclude Cross-Examination (Doc. No. 30). (See Doc. No. 32) (minute sheet). The Court continued the hearing. (See id.) After the hearing, the Court ordered the following:

> Defendant shall file a response to the Government's Motion in Limine to Preclude Cross-Examination as to Facts of Pending Investigations Pursuant to Fed. R. Evid. 304, 608(b), and 611 (Doc. No. 30) by July 21, 2026. The Government shall file a reply by July 24, 2026.

(Doc. No. 33 at 2.)

Defendant did not file a written Response to the Government's Motion. At the rescheduled hearing held on August 11, 2026, the Government provided the Court with the IAD's report on internal investigations into the Officers, which the Government had requested pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The Court has reviewed the material in camera and it has been filed on the docket under seal. (See Doc. No. 36.) The Government's Motion (Doc. No. 30) is now ripe for disposition.

## III. ANALYSIS

In its Motion, the Government seeks to "preclude cross examination of law enforcement officer witnesses, as to any proposed facts or allegations attendant to any pending internal investigation." (Doc. No. 30 at 1.) In doing so, the Government asserts three bases for its Motion: Federal Rules of Evidence 403, 608(b), and 611. (Id.) As a threshold matter, though, the Court will first address whether the Government must disclose to Defendant the material submitted to the Court under Brady and Giglio for in camera review. The Court will then address each of the Government's proffered bases for precluding cross-examination of the Officers on the investigations.

### A. The Material Reviewed by the Court is not Brady or Giglio Material

In Brady, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process [under the Fifth Amendment] where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Later, in Giglio, the Supreme Court clarified that the rule announced in Brady also applies to impeachment evidence, that is, evidence tending to undermine a witness's credibility. Giglio, 405 U.S. at 154. There, the Court held that, after Brady, "[w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within th[e] general rule" announced in Brady. Id. at 153–54 (quotations and citations omitted).

In the pre-trial context, these cases impose a duty on the Government to disclose "evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985). The Third Circuit Court of Appeals has found that Brady and Giglio do not "require that the prosecution make [information] available for the defendant's general perusal. Instead, the Government need only direct the

custodian of the [information] to inspect them for exculpatory evidence and inform the prosecution of the results of that inspection, or alternatively, submit the files to the trial court for in camera review." United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998).

As noted supra, the charges against Defendant rely on the testimony of the Officers. As the Government correctly notes, none of the allegations giving rise to the internal investigations of the Officers "relate to the case before the Court." (See Doc. No. 30 at 3, 5). However, at the hearing held on July 7, 2026, counsel for Defendant raised the possibility that the internal investigations could contain Giglio evidence with which he could impeach the credibility of the Officers.

The material submitted by the Government to the Court for in camera review consists of both pending and past investigations of the Officers. First, regarding the pending internal investigations conducted by the IAD that are the subject of the present Motion, the United States Supreme Court noted that no Brady obligation typically attaches to "preliminary, challenged, or speculative information." United States v. Agurs, 427 U.S. 97, 109 n.16 (1976). Pending investigations are just that, investigations without any adverse or favorable findings. Additionally, the pending investigations against the Officers consist of allegations of (1) failure to follow Department policy, (2) excessive use of force, or (3) physical abuse—none of which upon review of the material provided relate to the Officers' character for truthfulness that would trigger the Government's Giglio obligations. Bailey v. Diguglielmo, No. 07-cv-719, 2010 WL 2902532, at *3 (E.D. Pa. July 23, 2010) (finding that allegations of excessive force by a correctional officer were not probative of the officer's truthfulness); see also 4 Weinstein's Evidence § 608.04(2)(a) ("Not all criminal, illegal, or immoral behavior is relevant to truthfulness. For example, violent crimes do not usually reflect the witness's truthfulness."). Of

course, the Government remains obligated to comply with Giglio if those pending investigations produce evidence demonstrating dishonesty.

Second, regarding the past investigations, the Court found no information from those eleven investigations that would be favorable to Defendant under Giglio.[1] As an initial matter, five of the investigations did not result in any findings of misconduct. And for those six investigations that did result in at least some finding of misconduct, the underlying incidents do not appear to involve dishonest conduct that could be used to discredit the testimony of the Officers. Instead, the reports only contain findings of (1) excessive use of force, or (2) failure to follow Department policy. For instance, the material submitted by the Government contains a lengthy investigative report on one of the Officers. In the report, the IAD sustained allegations of physical abuse and excessive use of force by the Officer for an incident in 2018 that resulted in an "official reprimand" by the PPD. But because the Officer's misconduct does not implicate his character for truthfulness, the report does not contain Giglio material. See 4 Weinstein's Evidence § 609.04(3)(b) (noting that assault and battery are not relevant for purposes of witness impeachment).

But most importantly, it is worth emphasizing the consistency and corroboration of the Officers' testimony at the hearing held on the Motion to Suppress. Not only was their testimony largely consistent with the Officers' prior statements as set forth in the Indictment, but their testimony also was corroborated by video footage from (1) the Real Time Crime Camera ("RTCC") located near the site of Defendant's arrest, and (2) the body-worn cameras on each Officer. Considering this level of consistency and corroboration, the unrelated investigations

---

[1] Out of all eleven past investigations, only one implicated dishonesty. In that investigation, the IAD reviewed a "Complaint Against Police" relating to an Officer's alleged falsification of documents. After the investigation, though, the Officer was exonerated on that charge.

would be of little value to Defendant in this case. See United States v. Booker, No. 95-cr-211, 1997 WL 214850, at *3 (E.D. Pa. Apr. 24, 1997), aff'd, 133 F.3d 911 (3d Cir. 1997) (denying a post-trial Brady motion for police officer personnel files by finding that an Officers' testimony "was consistent with and corroborated by" other evidence presented in the case).

In sum, none of the material submitted by the Government contains Brady or Giglio material. For this reason, the material need not be disclosed to Defendant.

**B. Federal Rule of Evidence 608(b)**

Beyond the lack of Brady or Giglio information in the material, the Government seeks for other reasons to preclude cross-examination on facts pertinent to those pending investigations. The Government's first basis for precluding cross-examination of the Officers about the pending investigations is Federal Rule of Evidence 608(b), which provides:

> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
> (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b).

As a threshold matter, internal investigations do not result in criminal convictions under Rule 609, and for this reason, Rule 609 is not applicable here. Rule 608(b), however, bars extrinsic evidence to prove specific instances of conduct. Thus, if the Court "determine[s] that [the pending investigations] were probative of [the Officer's] truthfulness or untruthfulness," then Rule 608(b) would allow cross-examination on the pending investigations, but not allow extrinsic evidence to be introduced on the subject matter of the cross-examination. United States

v. Bocra, 623 F.2d 281, 287 (3d Cir. 1980). As explained supra, though, the pending investigations—or the past investigations—are not probative of the Officers' character for truthfulness or untruthfulness. Therefore, Rule 608(b) would not allow cross-examination into the investigations.

The Government acknowledges that some Circuits have permitted cross-examination into pending investigations under a "bias theory," in which a pending investigation "may result in the witness slanting his or her testimony in such a way as to curry favor with those conducting the investigation, such that the defense should be permitted to explore the witness' motivation to testify." (Doc. No. 30 at 10); see also United States v. Banks, 546 F.3d 507, 513 (7th Cir. 2008) (noting that a witness may feel "pressure to testify favorably to the Government because of her pending disciplinary action."). However, "[e]vidence of motive to fabricate should be limited if the relationship between the evidence and the motive is remote." Dicks v. United States, No. 03-cr-266, 2010 WL 11484356, at *6 (E.D. Pa. Sept. 8, 2010) (citing United States v. Casoni, 950 F.2d 893, 919 (3d Cir. 1991) (affirming a district court's exclusion of cross-examination about an unrelated pending criminal investigation of a witness)).

Here, the relationship between the evidence and the motive to fabricate is, at best, highly tenuous. First, all the pending investigations against the Officers were initiated after the Indictment was returned on February 19, 2025. Because the Officers' reports are the foundation of the charges in the Indictment, a later-in-time investigation has no effect on whether the Officers fabricated their statements found in those reports. Second, after hearing the Officers' testimony at the hearing on the Motion to Suppress on August 11, 2026, the Court does not perceive that the Officers' testimony has meaningfully changed since the Indictment was filed. See United States v. Noble, 251 F. App'x 792, 797 (3d Cir. 2007) (noting that the possibility that

a witness slanted her testimony due to a pending criminal charge was "nullified by the fact that her testimony at trial was substantially the same as the testimony that she gave in front of the grand jury . . . months before her . . . arrest."). Third, the Officers are being investigated by the City's IAD, not the United States Attorney's Office or any other officer of the federal government. Simply put, the Officers would not stand to benefit in an investigation by local authorities by somehow "slanting" their testimony in an unrelated federal case.

Accordingly, for all these reasons and because the subject matter of the investigations are not probative of truthfulness, Rule 608(b) precludes cross-examination about them.

### C. Federal Rule of Evidence 403

Even if the pending investigations were probative of truthfulness under Rule 608(b), Rule 403—the Government's second basis for preclusion in its Motion—would still need to be satisfied before cross-examination into the investigations would be allowed. See Bailey v. Diguglielmo, No. 07-cv-719, 2010 WL 2902532, at *3 (E.D. Pa. July 23, 2010) (citing Bocra, 623 F.2d at 288)) ("Once a Court has determined that some evidence has a proper purpose under Rule 608(b), it must then engage in a "balancing" analysis under Rule 403."). Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Even if allegations of police misconduct in the pending investigations were relevant, the Government contends that its probative value is substantially outweighed by the danger of unfair prejudice and jury confusion. (Doc. No. 30 at 15.)

On one end of the scale, the probative value of pending investigations, in which none of the allegations have yet been substantiated, is low. Even those completed investigations that were substantiated do not relate to the facts of Defendant's case. As noted supra, none of the pending or completed investigations affect the Officers' character for truthfulness.

On the other end, the Advisory Committee explains that "unfair prejudice" in Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Note; see also 2 Weinstein's Evidence § 403.04(1)(b) ("Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case.") Here, inflammatory information regarding allegations of police misconduct, which are unrelated to the facts in Defendant's case, would be unfairly prejudicial to the Government. Moreover, the evidence that would "confuse[] the jury" or "misplace their focus" may be excluded under Rule 403. Langer v. Monarch Life Ins. Co., 966 F.2d 786, 799 (3d Cir. 1992). And allowing the jury to focus on reports of misconduct unrelated to truthfulness of the witness—whether substantiated or not—would misplace their focus on the core issues of the trial, which involve Defendant's alleged possession of a firearm and of controlled substances. See United States v. Johnson, No. 21-cv-1322, 2022 WL 866284, at *2–3 (3d Cir. Mar. 23, 2022) (affirming a district court's denial of cross-examination into an IAD investigation into an officer based on Rule 403 because "[t]he potential for confusing issues and misleading the jury is high when a witness's prior actions are factually dissimilar to their actions in the current case and they cannot be presented to the jury with 'reasonable certainty.'").

In sum, the probative value of cross-examination into pending investigations is substantially outweighed by the danger of prejudice. Accordingly, Rule 403 precludes cross-examination about the pending and past investigations.

**D. Federal Rule of Evidence 611**

The Government's third basis for precluding cross-examination is Federal Rule of Evidence 611. (Doc. No. 30 at 15.) That Rule provides:

> (a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> (1) make those procedures effective for determining the truth;
> (2) avoid wasting time; and
> (3) protect witnesses from harassment or undue embarrassment.
>
> (b) Scope of Cross-Examination**.** Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination.

Fed. R. Evid. 611.

Under Rule 611(b), "[t]he judge must balance the factors of prejudice, confusion, and delay against the probative value of the testimony that would be excluded in deciding whether to curtail cross-examination." 4 Weinstein's Evidence § 611.03(4)(a). As explained supra in the Court's Rule 403 analysis, cross-examination into the pending investigations would, on balance, lead to unfair prejudice and jury confusion that would substantially outweigh any potential for probative value. See 4 Weinstein's Evidence § 611.02(2)(a)(1) (explaining that "Rule 403 supplies the power to exclude evidence to advance the policies described in Rule 611."). Accordingly, because the Court found that Rule 403 precludes cross-examination about the investigations, Rule 611 also serves as a basis of preclusion.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion in Limine to Preclude Cross-Examination as to Facts of Pending Investigation Pursuant to Federal Rules of Evidence 403, 608(b), and 611 (Doc. No. 30) will be granted. An appropriate Order follows.